IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH BELTRAN, RUBY ANN BELTRAN,<br><br>        Plaintiffs,<br><br>   v.<br><br>ACCUBANK MORTGAGE CORP.; NATIONAL BANK OF INDIANA; PNC, N.A.; CAL-WESTERN RECONVEYANCE CORP.,<br><br>        Defendants | 1:12-cv-0287 AWI BAM<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER<br><br>Doc. # 3 |

    This is an action, currently presumed to be in diversity, by plaintiffs Ralph and Ruby Beltran ("Plaintiffs") against Accubank Mortage Corporation, National Bank of Indiana, PNC, N.A. and Cal-western Reconveyance Corporation ("Defendants"). Presently before the court is a request by Plaintiffs for a Temporary Restraining Order ("TRO") to prevent the sale upon foreclosure of their home in Newman, California. Because Plaintiffs' complaint fails to, among other things, state a claim upon which relief can be granted, the court will proceed to rule on Plaintiffs' request in the shortest possible time and leave time for Plaintiffs' to amend their complaint if they so desire.

**FACTUAL BACKGROUND**

    Plaintiffs' request for TRO contains no facts upon which a decision could be based; the

court therefore bases its decision upon what facts can be gleaned from the Complaint. Plaintiffs allege they purchased the subject property on April 21, 2004. The court presumes for purposes of this decision that the April 21 date is also at or near the date of execution of the mortgage at issue in this action. Doc. #1 at ¶ 6. Plaintiffs allege their mortgage passed through a series of financial institutions in turn, ending with an entity called PNC, National Association. Plaintiffs' major factual contention with regard to the mortgage is that it was "sliced and diced into Mortgage Backed Securities (MBS) and sold on Wall Street to investors." Plaintiffs allege the "securitization" of their mortgage happened without their knowledge or consent. In the process, Plaintiffs contend the promissory note was separated from the mortgage. Plaintiffs also allege facts pertaining to the registration and tax status of various of the financial institutions through which their mortgage is alleged to have passed. Plaintiffs allege that defendant Cal-Western Reconveyance "recorded a Notice of Default with the Stanislaus County Recorder on November 23, 2011.

Plaintiffs allege two claims for relief. The first alleges "Broken Chain of Title" by which the court interprets Plaintiffs to mean that the promissory note was separated from, or not in physical possession of the party now seeking to enforce the Deed of Trust. The court presumes the party seeking to enforce is Cal-Western Reconveyance. Plaintiffs second claim for relief alleges violation of the Truth In Lending Act ("TILA") 15 U.S.C. § 1635(a) and violation of Regulation Z, § 226.15(b).

## LEGAL STANDARD

Because Defendants were electronically notified of Plaintiff's intent to seek a temporary restraining order at the earliest possible time, and because Plaintiffs' request for TRO does not specifically request the TRO be granted *ex parte*, the court finds Plaintiff's request is not *ex parte* within the meaning of the Local Rule. Requests for temporary restraining orders which are not ex parte and are noticed to the opposing party are governed by the same general standards that govern issuance of a preliminary injunction. See, Motor Vehicle Board of Cal. v. Orrin W. Fox,

434 U.S. 1345, 1347 n. 2, (1977); Los Angeles Unified School District v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981); Century Time Ltd. v. Interchron, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  Under the so-called "traditional" standard, an injunction may be had if the court determines that (1) the moving party will suffer irreparable injury if the relief is denied; (2) there is a strong likelihood that the moving party will prevail on the merits at trial; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.  International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993).  Under the "alternative" standard, an injunction properly issues when a party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits combined with a balancing of hardships tipping sharply in favor of the moving party.  Id.  The requirement for showing a likelihood of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits, with these factors representing two points on a sliding scale.  United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1985)." Earth Island Institute v. U.S. Forest Service, 351 F.3d 1291, 1310 (9 Cir. 2003).  In addition, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003).

## DISCUSSION

Although loss of property through foreclosure is an irreparable harm, Plaintiffs must be able to show at least some likelihood of success on the merits.  For the reasons that follow, the court will find that Plaintiffs' Complaint fails to state a cognizable claim.  In the absence of any basis upon which relief can be granted, the court is not able to grant a temporary or preliminary restraining order.

**I. "Broken Chain of Title**

Plaintiffs' first claim for relief appears to be a variation of the

3

"Show-me-the-note" type of claim that is familiar in this court but that is invariably defeated by the structure of California's non-judicial foreclosure statutes. Under well established California law, physical possession and legal status as holder of a note are distinct concepts. The holder of the note is the party entitled to enforce it. See In re Kang Jin Hwang, 393 B.R. 701, 707 (Bankr. C.D. Cal. 2008). The general language of the complaint occasionally suggests that Plaintiffs doubt GMAC's legal status as holder of the note. However, Plaintiffs' factual allegations only refer to physical possession. The court finds that Plaintiffs' complaint is limited to claims that GMAC lacks physical possession of the note.

Under California law, physical possession is irrelevant. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by a trustee until the loan is repaid in full." Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000).

"The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code §2924(b)). After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code

§2924g(a))." <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994), citations omitted.

To initiate the foreclosure process, "The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1).  California law is clear in stating, "Where *a power to sell* real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, *the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument*. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code §2932.5 (italics added).  Trustees regularly foreclose on behalf of assignees for the original beneficiary. See, e.g. <u>Block v. Tobin</u>, 45 Cal. App. 3d 214, 218 (Cal. App. 1st Dist. 1975).  When a mortgage, along with the corresponding deed of trust, physical transfer of the note is not required. See, e.g. <u>In re Golden Plan of Cal., Inc.</u>, 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement transferring proceeds of note, including hiring agent to handle monthly payment collections and potential foreclosure proceedings, but no physical transfer of mortgage note was nevertheless a sale).

Pursuant to the foregoing discussion, the court must conclude that the bare allegation that the promissory note and the deed of trust were separated and that the note is no longer held by the trustee or the trustee's agent fails to state any basis for a claim.  From Plaintiffs' Complaint the court can read or infer three facts.  First, Plaintiffs executed a promissory note and a deed of trust; second, a notice of default was filed; third, Cal-Western Reconveyance appears to be the agent of the deed of trust beneficiary and, as such, is legally entitled to carry out the foreclosure sale.  The court notes that in Plaintiffs' second claim for relief, in paragraph 21 of the Complaint, Plaintiffs allege that "none of the Defendants in this action are beneficiaries or representatives of the beneficiary."  The claim appears to be tied to Plaintiffs' erroneous belief that it is not possible

5

to transfer the deed of trust when the deed is separated from the promissory note. As discussed above, this is not the case. As noted above, Plaintiff has the burden to show at least some probability of success on the merits. To the extent there could possibly be any other basis for Plaintiffs' contention that the deed of trust has not been effectively transferred, Plaintiffs have the burden to adduce facts that would tend to show this contention is true. Plaintiffs' "Broken Chain of Title" claim fails to establish the required probability of success on the merits.

**II. TILA and Regulation Z Claim**

Plaintiffs' claim for violation of Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(a), is basically not intelligible. The statute cited, 15 U.S.C. § 1635(a) and its regulatory counterpart, 12 C.F.R. § 226.15, deal with the right of rescision of a mortgagor. So far as the court can discern from the Complaint, there are no facts pertaining to rescision or to the provision of the required notices and forms to the mortgagor under "Regulation Z." The facts alleged under Plaintiffs' second claim for relief appear to restate Plaintiffs' allegations that their mortgage was separated from the note through the process of securitization. Plaintiffs allege the "loan was sold or transferred without notifying the Plaintiff in writing," Doc. # 1 at ¶ 22, however Plaintiffs' fail to state how their duty to make payments as obligors under the deed of trust is altered in any way by the various transfers of the deed of trust. See Moseley v. Citimortgage, Inc., 2011 WL 5175598 (D. Wash. 2011) at *7 (securitization merely creates a separate contract, distinct from the borrower's debt obligations under the note and does not change the relationship of lender and borrower in any way).

Plaintiffs' second claim for relief also alleges Plaintiffs "sent a Qualified Written Request to Cal-Western Reconveyance by certified mail." Doc. # 1 at ¶ 23. The Real Estate Settlement Procedures Act ("RESPA") provides that a borrower who wishes to challenge or question the status of his or her account may send a Qualified Written Request ("QMR") to the loan servicer identifying his or her account number and setting forth any contentions that the account is in error or may seek other information provided sufficient information is provided. 12 U.S.C. §

2705(e)(1)(B). The loan servicer is required to respond by providing certain information within sixty days of the date of delivery of the QMR. 12 U.S.C. § 2705(e)(2).

Here, Plaintiffs have provided no information as to the nature of their QMR and have not alleged the failure to respond within the required time period. The court notes that not all letters directed to a loan servicing agency from borrowers necessarily qualify as QMR's and consequently the obligation of the loan servicer to respond is not automatically triggered simply because a letter is sent by a borrower to his or her loan servicer. Again, as the moving party, Plaintiffs have the burden to show they have some probability of success on the merits. To simply allege they sent a letter to their loan servicer without any explanation of the nature of the inquiry does not satisfy that burden.

Finally, Plaintiffs Complaint makes some allegations regarding the fact that "three Defendants violated California Laws by not registering with the State to avoid paying taxes." Doc. # 1 at ¶ 28. Plaintiffs have failed to explain how the registration status of Defendants would have any effect on their obligation to pay their loan.

Based on the foregoing discussion, the court finds Plaintiffs have failed to show any probability of success on the merits of any of their claims against Defendants. Issuance of temporary restraining orders is therefore not warranted. Plaintiffs' request for issuance of Temporary Restraining orders is therefore DENIED.

IT IS SO ORDERED.

Dated:   March 14, 2012                              _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE