IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH BELTRAN, RUBY ANN BELTRAN,<br><br>                **Plaintiffs**,<br><br>    v.<br><br>ACCUBANK MORTGAGE CORP.; NATIONAL BANK OF INDIANA; PNC, N.A.; CAL-WESTERN RECONVEYANCE CORP.,<br><br>                **Defendants** | 1:12-cv-0287 AWI BAM<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)<br><br>Doc. # 6 |

      This is an action, presumed to be in diversity, by plaintiffs Ralph and Ruby Beltran ("Plaintiffs") against Accubank Mortage Corporation, National Bank of Indiana, PNC, N.A. and Cal-western Reconveyance Corporation ("Defendants"). Presently before are motions by Defendants to dismiss Plaintiffs' complaint. On March 15, 2012, the court denied Plaintiffs' request for temporary restraining order on the ground the complaint failed to state any claim upon which relief could be granted (the "March 15 Order"). On March 26, 2012, Plaintiffs responded to the court's March 15 Order by way of a pleading titled "Response to Order Denying Plaintiffs' Request for TRO" and which the court construed as a motion for reconsideration (hereinafter, the "Response"). Doc. # 10. The court denied Plaintiff's Response to the extent it was intended as a motion to reconsider and noted that Defendants had filed the instant motion to dismiss at Doc. #

6. The court noted that, in the absence of any other pleading by Plaintiffs, it would construe the Response as an opposition to Defendants' motion to dismiss and that it would take the motion to dismiss under submission.

The court has received no further pleading by Plaintiffs since they filed their Reply on March 26, 2012, and their "Motion to Disqualify Judge" on March 27, 2012. Th court will therefore proceed to render its opinion and order on Defendants' motion to dismiss. For the most part, the court's opinion and order will simply reiterate the law and reasoning set forth in the court's March 15 Order and in the court's order denying reconsideration.

## FACTUAL BACKGROUND

The court takes as true the facts set forth in the complaint and those facts that can reasonably be inferred therefrom. Plaintiffs allege they purchased the subject property on April 21, 2004. The court presumes for purposes of this decision that the April 21 date is also at or near the date of execution of the mortgage at issue in this action. Doc. #1 at ¶ 6. Plaintiffs allege their mortgage passed through a series of financial institutions in turn, ending with an entity called PNC, National Association. Plaintiffs' major factual contention with regard to the mortgage is that it was "sliced and diced into Mortgage Backed Securities (MBS) and sold on Wall Street to investors." Plaintiffs allege the "securitization" of their mortgage happened without their knowledge or consent. In the process, Plaintiffs contend the promissory note was separated from the mortgage. Plaintiffs also allege facts pertaining to the registration and tax status of various of the financial institutions through which their mortgage is alleged to have passed. Plaintiffs allege that defendant Cal-Western Reconveyance "recorded a Notice of Default with the Stanislaus County Recorder on November 23, 2011.

Plaintiffs allege two claims for relief. The first alleges "Broken Chain of Title" by which the court interprets Plaintiffs to mean that the promissory note was separated from, or not in physical possession of, the party now seeking to enforce the Deed of Trust. The court presumes the party seeking to enforce is Cal-Western Reconveyance. Plaintiffs second claim for relief

alleges violation of the Truth In Lending Act ("TILA") 15 U.S.C. § 1635(a) and violation of Regulation Z, § 226.15(b).

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

3

# DISCUSSION

## I. "Broken Chain of Title"

Plaintiffs' first claim for relief appears to be a variation of the "Show-me-the-note" type of claim that is familiar in this court but that is invariably defeated by the structure of California's non-judicial foreclosure statutes. Under well established California law, physical possession and legal status as holder of a note are distinct concepts. The holder of the note is the party entitled to enforce it. See In re Kang Jin Hwang, 393 B.R. 701, 707 (Bankr. C.D. Cal. 2008). Plaintiffs' complaint alleges the mortgage was "transferred to Mortgage Electronic Registration Systems, Inc.," a non-party to this action, and was thereafter "'sliced and diced' into Mortgage Backed Securities ("MBS") and on Wall Street to investors." Doc. # 1 at ¶ 6. Plaintiffs further allege "there was no assignment of the NOTE with the Deed of Trust, none of the Defendants are the holder of the NOTE in due course, and none of the Defendants were assigned the NOTE." Doc. # 1 at ¶7.

Under California law, physical possession of the promissory note is irrelevant. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by a trustee until the loan is repaid in full." Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000).

"The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code

§2924(b)). After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code §2924g(a))." <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994), citations omitted.

To initiate the foreclosure process, "The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1). California law is clear in stating, "Where *a power to sell* real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, <u>the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument</u>. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code §2932.5 (italics added). Trustees regularly foreclose on behalf of assignees for the original beneficiary. See, e.g. <u>Block v. Tobin</u>, 45 Cal. App. 3d 214, 218 (Cal. App. 1st Dist. 1975). When a mortgage is sold, physical transfer of the note is not required. See, e.g. <u>In re Golden Plan of Cal., Inc.</u>, 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement transferring proceeds of note, including hiring agent to handle monthly payment collections and potential foreclosure proceedings, but no physical transfer of mortgage note was nevertheless a sale).

Pursuant to the foregoing discussion, the court must conclude that the bare allegation that the promissory note and the deed of trust (the mortgage) were separated and that the note is no longer held by the trustee or the trustee's agent fails to state any basis for a claim. From Plaintiffs' Complaint the court can read or infer three facts. First, Plaintiffs executed a

5

promissory note and a deed of trust in 2004; second, a notice of default was filed; third, Cal-Western Reconveyance appears to be the agent of the deed of trust beneficiary and, as such, is legally entitled to carry out the foreclosure sale in the event of default.  Although it is not critical to the court's decision, the court notes that Defendants have provided documents that are subject to judicial notice that indicate that Plaintiffs were in default, were provided notice of default according to statutory requirement and instituted foreclosure.  Thus, although Plaintiffs' contentions regarding "Broken Chain of Title" fail because California law is contrary to Plaintiffs' position, there is affirmative and admissible evidence that Defendants carried out the non-judicial foreclosure lawfully.

As the court previously noted, Plaintiffs' reliance on Riley v. America's Wholesale Lender, 2011 WL 3209163 (Cal.App. 4 Dist. 2011) is misplaced inasmuch as the Supreme Court denied the appellant's request for writ of certiorari and consequently the decision of the state appellate court which did not disturb California's non-judicial foreclosure statutory scheme remains intact.  Based on the foregoing, the court reaches the same conclusion it reached before – that Plaintiffs' "Broken Chain of Title" claim fails to set forth either fact or law upon which relief could be granted.

**II.  TILA and Regulation Z Claim**

Plaintiffs' claim for violation of Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(a), is basically not intelligible.  The statute cited, 15 U.S.C. § 1635(a) and its regulatory counterpart, 12 C.F.R. § 226.15, deal with the right of rescission of a mortgagor.  So far as the court can discern from the complaint, there are no facts alleged that pertain to rescission or to the failure of any Defendants to provide the required notices and forms to the mortgagor under "Regulation Z." The facts alleged under Plaintiffs' second claim for relief appear to restate Plaintiffs' allegations that their mortgage was separated from the note through the process of securitization.  Plaintiffs allege the "loan was sold or transferred without notifying the Plaintiffs in writing," Doc. # 1 at ¶ 22, however Plaintiffs fail to state how their duty to make payments as obligors under the deed of

6

1  trust is altered in any way by the various transfers of the deed of trust.  See Moseley v.
2  Citimortgage, Inc., 2011 WL 5175598 (D. Wash. 2011) at *7 (securitization merely creats a
3  separate contract, distinct from the borrower's debt obligations under the note and does not
4  change the relationship of lender and borrower in any way).

5  The court also notes, as Defendants have pointed out, that to the extent Plaintiffs could
6  actually have pled facts related to the requirements of TILA, the Act provides a three-year
7  limitations period which expires "three years after the date of the consummation of the
8  transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. ¶ 1635(f).  Thus,
9  to the extent there may have been a failure of the lending institution to provide one or more
10 pieces of information as required under TILA, the time within which an action could have been
11 brought on those grounds has long past.

12 The court's March 15 Order also noted that although Plaintiffs' complaint does not
13 formally a claim under the Real Estate Settlement Procedures Act ("RESPA") the complaint does
14 allege that Plaintiffs "sent a Qualified Written Request to Cal-Western Reconveyance by certified
15 mail."  Doc. #1 at ¶ 23.  The court briefly described the process of communication between
16 lender and borrower under RESPA, see Doc. # 4 at 6:22 - 7:2, but noted that Plaintiffs have
17 failed to carry their burden to explain what the letter specifically requested that would have
18 triggered an obligation of response on Cal-Western Reconveyance.  As the court noted "not all
19 letters directed to a loan servicing agency from borrowers necessarily qualify as [Qualified
20 Written Requests] and consequently the obligation of the loan servicer to respond is not
21 automatically triggered simply because a letter is sent by a borrower."  Doc. # 4 at 7:4-7.  Since
22 no further pleading has been received from Plaintiffs' the court's opinion remains that Plaintiffs
23 have failed to state a claim for relief under either TILA or RESPA.

24 The court finds Defendants are entitled to dismissal of Plaintiffs' claims pursuant to Rule
25 12(b)(6).  Since the court cannot determine that further amendment would be futile, the dismissal
26 will be without prejudice.

27
28

THEREFORE, pursuant to the foregoing discussion, Defendants' motion to dismiss is hereby GRANTED.  Plaintiffs' complaint is hereby DISMISSED as to all Defendants.  Leave to amend is hereby GRANTED.  Any amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order.  In the event no further amendment is filed within the stated time period, Defendants shall move for entry of judgment.

IT IS SO ORDERED.

Dated:   July 10, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE