IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH BELTRAN, RUBY ANN BELTRAN,<br><br>              **Plaintiffs**,<br><br>    v.<br><br>ACCUBANC MORTGAGE CORPORATION, NATIONAL CITY BANK OF INDIANA, PNC NATIONAL ASSOCIATION, CAL-WESTERN RECONVEYANCE CORPORATION,<br><br>              **Defendants**. | 1:12-cv-00287-AWI-BAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION FOR RECUSAL**<br><br>(Doc. Nos. 9, 12, and 17) |

**PROCEDURAL BACKGROUND**

This is an action, presumed to be in diversity, by plaintiffs Ralph and Ruby Beltran ("Plaintiffs") against PNC Bank, National Association[1] ("PNC Bank") and Cal-Western Reconveyance Corporation ("Cal-Western"). Presently before the Court is a motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). See Court's Docket, Doc. No. 17.

---

[1] According to PNC Bank, defendants are identified on the FAC erroneously. Defendant "PNC National Association" has identified itself as PNC Bank, National Association (erroneously sued as "PNC National Association"), as successor by merger to National City Bank (erroneously sued as "National City Bank of Indiana"), previously doing business as Accubanc Mortgage (erroneously sued as "Accubanc Mortgage Corporation"). The Court will presume the PNC Bank has identified itself correctly and refer to it herein as PNC Bank.

On February 27, 2012, Plaintiffs filed their original Complaint against PNC Bank. See Court's Docket, Doc. No. 1. On March 8, 2012, Plaintiffs sought a temporary restraining order. See Court's Docket, Doc. No. 3. The motion for TRO was denied. See Court's Docket, Doc. No. 4. In response, Plaintiffs filed a motion seeking to have the undersigned recuse himself from the case. See Court's Docket, Doc. Nos. 9 and 12. On March 22, 2012, PNC Bank filed a motion to dismiss. See Court's Docket, Doc. No. 5. This motion to dismiss was granted by this Court on July 10, 2012, with a twenty-one day leave to amend. See Court's Docket, Doc. No. 15. Plaintiffs filed their FAC on August 3, 2012. See Court's Docket, Doc. No. 16. On August 20, 2012, PNC Bank filed this motion. Plaintiffs have filed no opposition.

**LEGAL STANDARD**

**I. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Fed.R.Civ.P. 12(b)(6). A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters

2

properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct, 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136 (9th Cir. 2003).

**II. Judicial Notice**

Generally, the court considers only the complaint and attached documents in deciding a motion to dismiss, but the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). PNC Bank has requested judicial notice of several documents, including the Grant Deed of the subject property; two Deeds of Trusts related to the subject property; a Substitution of Trustee and Full Reconveyance; the Notice of Default; the Notice of Trustee's Sale; a printout from the Federal Deposit Insurance Corporation ("FDIC") with a timeline of the corporate history of National City Bank; and a printout from the FDIC website with a timeline of the corporate history of PNC Bank, National Association. The website printouts show the dates of all acquisitions, name changes, and mergers related to the respective corporations. Such documents are properly the subject of judicial notice because the contents of these documents contain facts that are not subject to reasonable dispute; as public records and government websites, the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned." Fed. R. Evid. 201(b); See Permito v. Wells Fargo Bank, 2012 WL 1380322, *2 (N.D. Cal. Apr. 20, 2012). See also Vargas v. Wells Fargo Bank, N.A., 2012 WL 2931220, *7 (N.D. Cal. July 18, 2012). The court will therefore take notice of the undisputed facts contained in these documents. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

3

**FACTS**

The Court takes as true the facts set forth in the FAC and those facts that can reasonably be inferred therefrom. The Court also considers facts contained in attachments to the FAC and documents of which the Court has taken judicial notice and facts that can be reasonably inferred therefrom each.

Plaintiffs purchased the subject property on April 21, 2004. See Court's Docket, Doc. No. 16, ¶ 7. Plaintiffs took out a loan to purchase the property, the Promissory Note for which was signed on November 17, with the Deed of Trust, signed on the same day, as a security. See Court's Docket, Doc. No. 16, 31. The lender was National City Mortgage Company dba AccuBanc Mortgage, the trustee was National City Mortgage Co, and the Beneficiary was AccuBanc Mortgage. See Court's Docket, Doc. No. 16, ¶¶ 7, 8, 9; Court's Docket, Doc. No. 19, 31. Plaintiffs received notice of PNC Bank's involvement with the mortgage through a letter, received on an unspecified date, that stated "your loan was recently transferred from AccuBank [sic] Mortgage. Your first payment to PNC Bank is due 00/00/2007." See Court's Docket, Doc. No. 16, ¶ 23. On November 23, 2011, defendant Cal-Western Reconveyance Corporation, as an agent for PNC Bank, filed a Notice of Default against the subject property. See Court's Docket, Doc. No. 16, ¶ 14.

Presumably in January 2012,[2] Plaintiffs submitted to PNC Bank two "Qualified Written Requests" ("QWR") under the Real Estate Settlement Procedures Act ("RESPA") requesting various documents, suggesting they had heard that PNC Bank "may have been accused of engaging in one or more predatory servicing or lending and servicing schemes." See Court's Docket, Doc. No. 16, 8-30. PNC Bank objected to the QWRs because Plaintiffs did not "outline a specific dispute or discrepancy [or] request investigation by the servicer or mortgagor." See Court's Docket, Doc. No. 16, 7. However, PNC Bank did provide the following documents:

---

[2] The letter attached to the FAC is not dated, but PNC Bank, in its reply to the QWRs, also attached, referred to January as being the date that the letters were sent.

"Origination Note, Origination Mortgage, Good Faith Estimate, HUD1 Settlement Statement, the Truth-In-Lending Disclosure, the Payment History and Payment History Transaction Codes, and the October 2009 letter informing Plaintiffs of the transfer from National City Mortgage to PNC Mortgage." See Court's Docket, Doc. No. 16, 7. None of these documents are before the Court now.

It is not clear to the Court whether Plaintiffs contend that they were current on their mortgage payments or if they concede that they were in default. From the QWRs, the Court can infer that perhaps the Plaintiffs felt that their mortgage payments were miscalculated, but it cannot be certain. See Court's Docket, Doc. No. 16, 11.

On March 1, 2012, a Notice of Trustee's Sale was recorded by Cal-Western Reconveyance Corporation. See Court's Docket, Doc. No. 19, Exhibit "F." The Sale was scheduled for March 21, 2012. See Court's Docket, Doc. No. 19, Exhibit "F." The Court is unaware if the sale ever took place.

Plaintiffs allege two claims for relief. The first is an action to Quiet Title. The second is an allegation of Fraud. Plaintiffs allege that PNC Bank cannot initiate nonjudicial foreclosure proceedings or enforce the mortgage because they are, as the Plaintiffs put it, "an interloper with no interest in the property." Court's Docket, Doc. No. 16, ¶ 17. Plaintiffs argue that because they are not aware of any assignment of the note to PNC Bank or of any substitution filed and that PNC Bank was not a party to the original transaction, PNC Bank cannot rightfully enforce the note on the property or initiate foreclosure. See Court's Docket, Doc. No. 16, ¶¶ 6, 15-16. Plaintiffs also allege that by claiming to be the lender by merger, PNC Bank was fraudulently inducing Plaintiffs to make payments to them. See Court's Docket, Doc. No. 16, ¶ 23. Plaintiffs argue that California Civil Code section 2924, identifying the proper entities who can initiate a nonjudicial foreclosure, does not apply because PNC Bank is not the Lender, Trustee, Mortgagee, or Beneficiary under the original Deed of Trust for the subject property. Court's Docket, Doc. No. 16, ¶ 27.

**DISCUSSION**

**I. Recusal**

Plaintiffs have made two filings entitled "Motion to Disqualify Judge Title 28, CCP 170.6" in which Plaintiffs state "Plaintiffs motion this Court to disqualify the Judge under Title 28, part 1, chapter 21 sub section 455 and CCP 170.6. Plaintiffs believe the assigned Judge is biased and they will not get a fair and impartial hearing." Docs. 9 and 12.  Title 28 U.S.C. § 455 sets out the circumstances in which a federal judge should recuse himself/herself:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>> (ii) Is acting as a lawyer in the proceeding;
>>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
> (c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

Cal. Code Civ. Proc. § 170.6 governs the standards of recusal for California judges.  As this is federal court, Section 455 applies while Section 170.6 does not.

With respect to potential bases for recusal, Plaintiffs arguably make three assertions.

6

Most directly, Plaintiffs state they "are appalled at the injustice showed by Judge Ishii, which, makes them wonder what's in his portfolio, what financial institut[ions] he is invested with." Doc. 10, Response to Order Denying TRO, 2:17-20.  The Defendants in this case are PNC Bank, National City Bank, Accubanc Mortgage, and Cal-Western Reconveyance Corporation.  The undersigned states that he has no investments or any other kind of financial dealings with any of these Defendants.

Second, "It seems that Chief U.S. District Judge Anthony W. Ishii has basically relied on C.C.P.2924 et seq. in making his order to deny plaintiffs relief for a restraining order. Filed within the United States Supreme Court in January of this year was a petition for Writ of Certiorari challenging C.C.P. 2924 et seq. Riley v. America's Wholesale Lender et al. This C.C.P. actually violates homeowners from any of their Civil Rights in what has become a meltdown within the banking industry." Doc. 10, Response to Order Denying TRO, 1:22-2:4. The court notes that the petition for writ of certiorari was denied; the U.S. Supreme Court has declined to hear the appeal referred to. Riley v. America's Wholesale Lender, 132 S. Ct. 1753 (2012).  Third, "Only through production of documents can this Court determine the wrong that has been done. It was very unfair of the Court to make a statement that the plaintiffs would not prevail on the merits[;] the Court hasn't heard the case." Doc. 10, Response to Order Denying TRO, 3:3-6.  The court's statement regarding the likelihood of success on the merits of the case does not dispose of the case, but is a judgment on the evidence presented by Plaintiffs at that point.  As Plaintiffs were seeking preliminary injunctive relief, such a judgment had to be made without benefit of all evidence that might be available at trial.  In general, rulings by a court during the course of a case are not sufficient to establish bias. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987) ("Texaco supports its allegations of bias merely by pointing to alleged errors at trial").

There is no basis for recusal in this case.

**II. Quiet Title Claim**

In their FAC, Plaintiffs first seek to quiet title to the subject property against PNC Bank. An action to quiet tile may be brought to establish title against adverse claims to real property or any interest therein. Cal. Code Civ. Proc. § 760.020. California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.

Plaintiffs appear to contend that because PNC Bank presumably did not rightfully become holder of the deed of trust or promissory note, it has no right to initiate nonjudicial foreclosure proceedings. PNC Bank, it its Motion to Dismiss, essentially relies on arguments that Plaintiffs did not state an adverse claim of title to the property. The Court has reviewed the FAC and find that Plaintiffs attempt to make two main allegations of an adverse claim of title to the property: (1) that PNC Bank was not an original mortgagee, lender, or trustee and further, because no substitution was filed, is not a current mortgagee, lender, or trustee (2) that PNC Bank is not the holder of the promissory note. See Court's Docket, Doc. No. 16, ¶¶ 15-18,19, 6. After reviewing these allegations, the Court finds that Plaintiffs have failed to state a claim to quiet title for the following reasons.

The first allegation is not sufficient to allege an adverse claim to the property because it is simply not true according to facts before the Court. PNC Bank states that because of a series of mergers and acquisitions, PNC Bank, under California Corporations Code section 1107 ("Section 1107"), automatically became the holder of the promissory note and acquired a beneficial interest in the property under the Deed of Trust. Court's Docket, Doc. No. 18, 4: 8-13. This destroys Plaintiffs' first allegation that there is adverse claim to title. Section 1107 applies to promissory notes and trust deeds; these property interests automatically transfer at the time of merger. See

Hummen v. BA Mortg., 2004 WL 1240618, at *3 (Cal.App. 4th Dist., 2004).[3] Therefore, under Section 1107, National City Bank's property interests in the promissory note and the Deed of Trust automatically transferred to PNC Bank at the time of the corporate merger. Consequently, PNC Bank has standing to direct the trustee to foreclose on Plaintiffs' property. See Hummen v. BA Mortg., 2004 WL 1240618, at *3 (Cal.App. 4 Dist., 2004).

If, on the other hand, what Plaintiffs suggest is that the merger between National City Bank and PNC Bank did not occur, Plaintiffs' position to survive this Motion is not necessarily improved. The Court is convinced that the merger did occur. This Court and others have recognized that PNC Bank is in fact the successor by merger to National City Bank. See Manlangit v. National City Mortg., 2012 WL 1413985, *1 (E.D. Cal. April 23, 2012); Smith v. National City Mortg., 2011 WL 1833009, *1 n. 2 (E.D. Cal. May 12, 2011);. See also Agustin v. PNC Financial Services Group, Inc., 707 F.Supp.2d 1080, 1087 (D. Hawai'i 2010). Furthermore, the Court finds the corporation history timelines from the FDIC website (properly before the Court by judicial notice) persuasive that PNC Bank is the successor by merger to National City Bank. See Court's Docket, Doc. No. 19, Exhibits "G" and "H." The alleged facts that PNC Bank was not a party to the original transaction and did not become holder of the promissory note are not sufficient to allege adverse claim to the property.

Plaintiffs argue that a "Deed of Trust is not valid without a note." Court's Docket, Doc. No. 16, ¶¶ 6, 19. The Court infers that Plaintiffs are suggesting that because PNC Bank is allegedly not in physical possession of the promissory note, it is not the legal holder of such. Physical possession of the note is, however, not required. "Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure... Therefore, the absence of an original promissory note in a nonjudicial foreclosure

---

[3] The Court is not bound by state rules regarding unpublished cases, and may consider unpublished cases as persuasive authority. Altman v. HO Sports Company, Inc., 821 F.Supp.2d 1178, 1190 n.14 (E.D. Cal. May 18, 2011); Employers Ins. Of Wausau v. Granite State Ins. Co., 220 F.3d 1214, 1220 n.8 (9th Cir. 2003); Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1272 n.53 (C.D. Cal. 2010).

9

does not render a foreclosure invalid." Ruiz v. SunTrust Mortg., Inc., 2012 WL 3028001, *9 (E.D. Cal. July 24, 2012) (quoting Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp.2d 1177, 1186 (N.D.Cal. 2009)). "Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure." Ruiz v. SunTrust Mortg., Inc., 2012 WL 3028001, *9 (E.D.Cal, July 24, 2012) (quoting Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp.2d 1039, 1043); See also Harrington v. Home Calital Funding, Inc., 2009 WL 514254, *4 (S.D. Cal. 2009).

Plaintiffs cite two cases to support their assertion that "a Deed of Trust is not valid without a note." See Court's Docket, Doc. No. 16, ¶ 19. The rule from Domarad v. Fisher & Burke, Inc. to which Plaintiffs seem to be referring is that an assignment of a deed of trust must happen alongside an assignment of the promissory note which is secured by said deed of trust. Domarad v. Fisher & Burke, Inc., 270 Cal.App.2d 543, 553-554 (1969). This does not apply here because, as discussed above, this was not a situation where the debt and the deed of trust were assigned. PNC Bank holds the note and the deed of trust securing it by way of corporate mergers and acquisitions. The other case Plaintiffs cite, Briosos v. Wells Fargo Bank, does not seem to address this issue. See Briosos v. Wells Fargo Bank, 737 F.Supp.2d 1018 (2010).

For the foregoing reasons, the Court concludes that Plaintiffs have failed to state a claim to Quiet Title. Accordingly, Defendants' motion to dismiss Plaintiffs' quiet title claim is GRANTED. Plaintiffs' quiet title claim is DISMISSED without prejudice and with leave to amend. An amended quiet title claim must (1) comply with federal pleading standards and (2) state facts for adverse claim to title.

**III. Fraud Claim**

Plaintiffs also assert a cause of action against PNC Bank for fraud. In California, "'fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity;

(3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. [Citation.]' [Citation.]" <u>Intrieri v. Superior Court</u>, 117 Cal.App.4th 72, 85-86 (2004). Having reviewed the FAC in its entirety, including attachments and documents of which the Court has taken judicial notice, the Court finds Plaintiffs have not adequately stated a claim for fraud.

The threshold element of fraud is a misrepresentation. Plaintiffs allege that PNC Bank sent Plaintiffs a letter which "falsely and fraudulently stated, 'your loan was recently transferred from AccuBank (sic) Mortgage. Your first payment to PNC Bank is due 00/00/07.'" Court's Docket, Doc. No. 16, ¶ 23. A misrepresentation, by definition, is a statement that must be false. The statement alleged by Plaintiffs, as demonstrated above in the Court's discussion of Plaintiffs' quiet title claim, is not a false statement. Therefore, Plaintiffs have not adequately plead that the statement was a misrepresentation.

Plaintiffs also do not adequately plead damage. Plaintiffs claim that they "made mortgage payments to the Defendant PNC Bank to their damage." Court's Docket, Doc. No. 16, ¶ 24. It does not appear, however, to be disputed that Plaintiffs have a debt to repay. Plaintiffs suffered no damage in making mortgage payments that they would have made irrespective of the "fraudulent" statement.

There are, however, two possible theories under which the Plaintiffs could be operating in order to demonstrate they have been damaged. One possible theory Plaintiffs may be suggesting is that by making mortgage payments to PNC Bank, they were failing to send their payments to another entity that should have been receiving the payments. If this is what Plaintiffs are arguing, they have not adequately plead damage because there is no argument that the other entity is trying to collect any missed payments from Plaintiffs.

The other possibility is that Plaintiffs could indirectly be arguing that the Plaintiffs' default status is the damage. Plaintiffs state that: "PNC Bank ... have [sic] maliciously published statements to third parties that Plaintiffs are in default in paying the loan ... to the Defendants, which *statements are and were false and the Defendant PNC Bank knew or should have known*

11

*that the statements were false at the time they published the statements*." Court's Docket, Doc. No. 16, ¶ 26 (emphasis added). From this, the Court can infer that Plaintiffs do not believe they are in default, but the Court cannot make an inferential leap so far as to presume that the default status somehow happened as a result of the misrepresentation and the Plaintiffs' reliance thereupon.

In reviewing the FAC, the Court is unclear what theory upon which the Plaintiffs are relying. In a second amended complaint, Plaintiffs would have to <u>clearly state</u> why they believe making mortgage payments to PNC Bank was to their damage.

While Plaintiffs' FAC fails because it does not adequately plead the misrepresentation or damage elements of fraud, it also fails to meet the particularity requirements set forth by Federal Rule of Civil Procedure 9(b). Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. Rule Civ. Proc. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.' [Citation.]" <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. [Citation.] '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' [Citation.]" <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003); see also <u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 645 (1996).

The FAC alleges what the misrepresentation was, who made it (PNC Bank), where it was made (by correspondence submitted through U.S. Mail), and how it was tendered. Plaintiffs, however, failed to plead the "when" of the misconduct with particularity.

This Court has held consistently that in a fraud action against a corporation, a "plaintiff must allege the names of the person who made the allegedly fraudulent misrepresentations, their

authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Macris v. Bank of America, N.A., 2012 WL 273120, *11-12 (E.D.Cal. 2012) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991)). However, the Ninth Circuit has relaxed the pleading rule "with respect to matters within the opposing party's knowledge," since plaintiffs can not be expected to have personal knowledge of the relevant facts." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1429 (9th Cir. 1987); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Though Plaintiffs do not plead the exact person who wrote the letter, the letter was, presumably, a form letter sent to many borrowers, and the exact name of the person who wrote letter would not be available to Plaintiffs. The facts that the letter was addressed from PNC Bank and that the contents was the disclosure that Plaintiffs' loan had been transferred are particular enough so that PNC Bank could identify the letter in their records and defend against the claim. Thus, the "who" particularity requirement is met here.

Plaintiffs do, however, face challenges meeting the "when" requirement. Looking only at the allegations in the FAC itself, the Court can infer that the letter was dated sometime in or before 2007 since the statement states that payment is due in 2007. See Court's Docket, Doc. No. 16, ¶ 23. However, other documents before the Court call this inference into question. In a document attached to the FAC, a letter from PNC denying Plaintiffs' QWRs, PNC Bank refers to a letter putting Plaintiffs on notice of the mortgage transfer – presumably the same letter to which Plaintiffs refer – was dated October 2009. See Court's Docket, Doc. No. 16, 7. Also, according to the FDIC Histories, of which the Court has taken judicial notice, the merger between National City Bank and PNC Bank took place on November 6, 2009. Furthermore, this fact is corroborated by other courts that have dealt with issues related to this merger, where the merger was found to have taken place in November 2009. See Agustin v. PNC Financial Services Group, Inc., 707 F.Supp.2d 1080, 1087 (D. Hawai'i 2010). The actual letter is not in possession of the Court. The "when" element of particularity is not met here. Plaintiffs would have to plead exactly

when they received the letter, as the date they did indirectly provide (the payment due date of 00/00/07) is contradicted by documents attached to the FAC and documents that are before the Court in judicial notice. It should certainly be noted that if the letter was in fact received <u>before</u> the merger took place, Plaintiffs may have a cause of action for fraud assuming Plaintiffs met the damage element. However, as the claim is plead in the FAC, Plaintiffs fail to state a claim for fraud that meets the "when" particularity requirement.

Plaintiffs do state one other allegation of fraud:

> 26. Defendant PNC Banc [sic] from November 23, 2011 to July 2012, have maliciously published statements to third parties that Plaintiffs are in default in paying the loan on 2064 Yosemite Park Rd. to the Defendants, which statements are and were false and the Defendant PNC Bank knew or should have known that the statements were false at the time they published the statements. The third parties to whom false statements were maliciously published included, but were not limited to, credit reporting agencies, which have reduced Plaintiffs credit ratings as a result of the publication of the false statements, to Plaintiffs damage. Court's Docket, Doc. No. 16, ¶ 26.

Here, Plaintiffs do not plead how they justifiably relied on such statements, as the statements were allegedly made to third parties. Therefore, this allegation does not meet the elements of fraud. As PNC Bank points out, this allegation appears to be a claim for defamation. <u>See</u> Court's Docket, Doc. No. 18, 6 n. 4. In a second amended complaint, if Plaintiffs wanted to state a claim for defamation, they would have to clearly allege facts that support such a claim per federal pleading standards.

For the foregoing reasons, the Court concludes that Plaintiffs did not state a claim for fraud, and accordingly PNC Bank's Motion as to the Fraud claim should be GRANTED, and Plaintiffs' FAC should be DISMISSED without prejudice, with leave to amend. An amended complaint would need to (1) satisfy the misrepresentation and damage elements of fraud and (2) plead with particularity when the misrepresentation took place and why the Plaintiffs believe it to be false.

### IV. Cal-Western

There is no indication in the record that Defendant Cal-Western was ever served in this case. The original complaint was filed on February 27, 2012. Fed. Rule Civ. Proc. 4(m) states "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiffs appear to be in violation of that deadline. Plaintiffs are pro se and are not familiar with the rules of procedure. Therefore, they are granted a final chance to serve Cal-Western and bring that party into the case.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for recusal is DENIED.

2. Defendant's motion to dismiss is GRANTED. Plaintiffs' First Amended Complaint is hereby DISMISSED, without prejudice and with leave to amend. Plaintiffs may file an amended complaint within twenty one (21) days of the filing of this order. In the event no further amendment is filed within the stated time, this case will be closed. Plaintiffs are warned that this is the second time the court has granted leave to amend dismissed claims. A continued failure to make allegations sufficient to state a claim will likely lead the court to conclude that amendment would be futile, leading to dismissal with prejudice of claims.

3. Within the twenty one day deadline, Plaintiffs must also file proof that Defendant Cal-Western has been served. If no such proof has been provided, Cal-Western will be dismissed from the case without prejudice in accordance with Fed. Rule Civ. Proc. 4(m).

IT IS SO ORDERED.

Dated:   November 20, 2012

UNITED STATES DISTRICT JUDGE