IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH BELTRAN, RUBY ANN BELTRAN, <br><br> Plaintiffs, <br><br> v. <br><br> ACCUBANK MORTGAGE CORP.; NATIONAL BANK OF INDIANA; PNC, N.A.; CAL-WESTERN RECONVEYANCE CORP., <br><br> Defendants | 1:12-cv-0287 AWI BAM <br><br> MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT <br><br> Doc. # 30 |

This is an action presumed to be in diversity by plaintiffs Ralph Beltran and Ruby Ann Beltran ("Plaintiffs") against defendants AccuBanc Mortgage, National City Bank, PNC Bank, N.A., and Cal-Western Reconveyance Corp. (collectively, "Defendants"). The original complaint, filed on February 27, 2012, was dismissed by the court on July 11, 2012. Plaintiffs' first amended complaint, filed on August 3, 2012, was dismissed on November 21, 2012. Currently before the court is a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") by PNC Bank, N.A.,[1] which is joined by defendant Cal-Western Reconveyance Corp. For the reasons that follow, Defendants' motion to dismiss will be granted.

---

[1] PNC Bank, N.A. (erroneously sued as PNC N.A.), is the successor by merger to National City Bank (erroneously sued as National City Bank of Indiana). Thus, all defendant parties are joined in the motion to dismiss Plaintiff's SAC.

**JUDICIAL NOTICE**

Defendants filed a request for judicial notice of a number of public documents pertaining to the subject property and the loan that was foreclosed by Defendants. The documents for which judicial notice is requested include Deeds of Trust, recorded on April 29, 2004, and November 23, 2005; a Substitution of Trustee and Full Reconveyance, recorded on December 20, 2005; Notice of Default, recorded on November 23, 2011; and Notice of Trustee's Sale, recorded on March 1, 2012. Also included in the documents for judicial notice are the histories of National City Bank, Cleveland, Ohio, and PNC Bank, N.A., both downloaded from the official Federal Deposit Insurance Corporation official website. The histories provided indicate PNC Bank acquired National City Bank, Cleveland, Ohio by merger on November 6, 2009.

Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). Applying Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, Substitutions of Trustee, and Notices of Default because they are matters of public record, and are not reasonably in dispute. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986)); Lingad v. IndyMac Fed. Bank, 682 F.Supp.2d 1142, 1146 (E.D.Cal.2010). Accordingly, the Court finds these publicly recorded documents are not reasonably in dispute, and therefore GRANTS Defendants' requests for judicial notice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At issue in this action is a Deed of Trust, Dated November 17, 2005, and filed in Stanislaus County on November 23, 2005, encumbering property located in Newman, California as security for a loan amount of $308,000.00. The lender was "Accubanc Mortgage a division of National City Bank of Indiana"; the originally-designated Trustee under the Trust Deed was National City Bank. See Doc. # 35 at 29-30. On or about November 6, 2009, National City Bank Cleveland, Ohio, was acquired by merger by PNC Bank and was thereafter operated as part

of PNC Bank.  Exh. "G" to Doc. # 35.  On November 23, 2011, a "Notice of Default and Election to Sell Under Deed of Trust" ("Notice of Default") was filed in Stanislaus County by Cal-Western Reconveyance ("Cal-Western") on behalf of beneficiary PNC Bank.  The Notice of Default indicated an amount in arrears of $9,470.10 as of November 22, 2011.  A Notice of Trustee's Sale was filed by Cal-Western on March 1, 2012.

Plaintiff's SAC alleges a total of five claims for relief.  The first two claims for relief are a claim to quiet title and a claim for fraud, respectively.  The last three claims for relief; slander of title, cancellation of cloud on title, and defamation, are dependent claims that rest on the validity of one or both of the first two claims for relief.  Plaintiffs' SAC was filed on December 21, 2012.  The motion of PNC Bank to dismiss the SAC was filed on January 7, 2013.  On the same date, PNC Bank also filed a motion to strike portions of Plaintiffs' SAC that referred to punitive damages.  Cal-Western filed its motion for joinder on January 11, 2013.  An examination of the docket report for this case indicates no opposition to any of Defendants' motions has been filed as of this writing.

## DISCUSSION

### I. Quiet Title

Plaintiff's first claim for relief seeks to quiet title based on the contention that PNC Bank "is an interloper with no interest in the property."  The claim fails for two reasons.  First, Plaintiffs' have not alleged tender of the amount owed on the Deed of Trust and therefore lack standing to allege quiet title. California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.  The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale. Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D.Cal. Aug.2, 2010); see also Shimpones

v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." Gjurovich v. Cal., No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D.Cal. Oct.26, 2010).

Second, Plaintiffs' contention that PNC Bank has no status with regard to the Deed of Trust is simply without factual support in light of the documents submitted by Defendants for which judicial notice was granted. These document establish that National City Bank, Cleveland Ohio, of which AccuBanc was a part, was acquired by merger with Defendant PNC Bank. The court notes that Plaintiffs' claim for quiet title is identical in all important respects to the claim previously asserted, and subsequently dismissed, in Plaintiffs' First Amended Complaint. As the court noted in dismissing Plaintiffs' First Amended Complaint, the process of merger results of the automatic transfer of assets, including deeds of trust, to the surviving entity. Hummen v. BA Mortg., 2004 WL 1240618, at *3 (Cal.App. 4 Dist., 2004). Thus, PNC Bank became, by merger, the beneficiary of the subject Deed of Trust. The court previously dismissed Plaintiffs' claim to quiet title as alleged in its First Amended Complaint and the claim set forth in Plaintiff's SAC adds nothing of substance to Plaintiffs' already-rejected claim. Plaintiffs' first claim for relief will be dismissed for the reasons more completely set forth in the court's prior order, Docket Number 28 at 8-10.

**II. Claim for Fraud**

Under California common law, a claim for fraud requires facts to show there was "(a) [a] misrepresentation ...; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). Plaintiffs' second claim for relief alleges:

> Plaintiffs received a letter from PNC Bank which, falsely and fraudulently stated, " your loan was recently transferred from AccuBank Mortgage." Your first payment to PNC Bank is due 00/00/2007 [sic]. [¶] Defendant PNC Bank knew that the statements were false and fraudulent and the truth was that none of the [D]efendants ever legally obtained the transfer of the loan that Plaintiffs owed to AccuBanc.

Doc. # 30 at ¶¶ 23-24.

4

Again, the court notes that the claim for fraud set forth in Plaintiffs' SAC is substantially the same as the claim set forth in Plaintiffs' First Amended Complaint. Plaintiffs' claim for fraud as alleged in the SAC fails for exactly the same reason as was the case previously – Plaintiffs' SAC alleges no facts at all to support its allegation that PNC Bank's statement that it is/was the beneficiary under the Deed of Trust was false. The court will not repeat the more complete analysis that was previously set forth in the order dismissing Plaintiff's First Amended Complaint. Plaintiffs are referred to the analysis contained in Doc. # 28 at 10:25 - 14:24, which is incorporated here by reference, for a more complete explanation of the court's reasons for its determination that Plaintiff's claim for fraud is without merit.

**III.  Dependent Claims – Claims Three, Four and Five.**

Claims three, four and five of Plaintiffs' SAC allege slander of title, cancellation of cloud on title, and defamation, respectively. Each of these claims is predicated on the contention that Plaintiffs remain the owners in fee of the subject property notwithstanding the foreclosure proceedings. As explained more thoroughly above and in prior orders of this court, the central contention that the foreclosure on Plaintiffs' property was somehow flawed or contrary to law is not supported by any facts alleged by Plaintiff or by facts subject to judicial notice. Because there is no basis upon which Plaintiffs can claim any interest in the subject property, they cannot allege claims for slander of title, cancellation of cloud on title or defamation arising from the foreclosure. Plaintiffs' third, fourth and fifth claims for relief are therefore without merit.

**IV.  Leave to Amend**

In two prior opinions, the court has pointed out the reasons why Plaintiffs' claims of unlawful conduct by Defendants fail. Fundamentally, Plaintiffs have failed, despite three attempts, to allege any irregularity in the foreclosure process. It cannot be disputed that Defendant PNC Bank became beneficiary under the Deed of Trust upon its merger with AccuBanc and that it therefore had authority, as explained in previous orders, to institute foreclosure proceedings under California law. Plaintiff has also failed to allege tender of the loan

amount despite having been informed that standing to contest the validity of the foreclosure proceedings is lacking in the absence of at least the allegation of tender.  The court therefore concludes that these deficiencies in Plaintiffs' SAC cannot be overcome by further amendment of the pleadings.  Leave to amend will therefore not be granted.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Defendants' motion to dismiss is GRANTED.  Plaintiffs' Second Amended Complaint is hereby DISMISSED in its entirety as to all Defendants with prejudice.  The Clerk of the Court shall ENTER JUDGMENT in favor of Defendants.  Defendants' motion to strike is Denied as moot.

IT IS SO ORDERED.

Dated:  June 4, 2013

SENIOR  DISTRICT  JUDGE